Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3022 | **DATE** | 8/9/2004 |
| **CASE TITLE** | \multicolumn{3}{l}{FTC vs. Global Web, et al.} |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Hearing held on the plaintiff's motion for rule to show cause why Global Web Promotions PTY Ltd. ("Global Poly") should not be held in contempt of court. For the reasons stated on the record in open court and summarized on the reverse side of this order, the Court respectfully recommends that the motion be GRANTED; that Global Poly be held in contempt of court; and that as a result of that contempt, Global Poly be required to pay the reasonable attorneys' fees and costs incurred by the plaintiff (a) in filing and appearing in court on this motion, and (b) in obtaining through discovery the information that Global Poly is required to produce under Paragraphs 7 and 10 of the Stipulated Preliminary Injunction but has refused to produce. Specific written objections to this report and recommendation may be served and filed within ten days of the date of this order. Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this court in the report and recommendation. See video Views, Inc. v. Studio 21, Ltd. 797 F.2d 538, 539 (7th Cir. 1986). All matters subject to the referral having been concluded, the referral is hereby terminated.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 10 2004 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mm7 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

At the hearing on the plaintiff's motion for a rule to show cause, Global Poly's counsel made clear that Global Poly does not intend to comply with certain of the production requirements set forth in Paragraphs 7 and 10 of the Stipulated Preliminary Injunction. In addition, Global Poly's counsel failed to offer any evidence or argument showing good cause for Global Poly's failure to comply with those requirements -- which, the Court emphasizes, were requirements to which Global Poly agreed when the Stipulated Preliminary Injunction was entered. There is no dispute that, as a result of Global Poly's disregard of certain of its production requirements under the Stipulated Preliminary Injunction, the plaintiff will be required to seek to obtain that information through discovery.

Accordingly, the Court concludes that Global Poly should be held in contempt. While ordinarily the first step in reaching such a finding would be the issuance of a rule to show cause, with Global Poly then having an opportunity to come to court to explain why it should not be held in contempt, the Court finds that a contempt order should be entered without further delay. Global Poly's counsel agreed that a separate hearing at which Global Poly would explain why it should not be held in contempt is unnecessary here: Global Poly's counsel has made clear that Global Poly is determined to disregard certain of its obligations under Paragraphs 7 and 10 of the Stipulated Preliminary Injunction, and has no explanation to offer in support of that decision that would show good cause for avoiding a contempt order.

As a result of that contempt, the Court further concludes that an appropriate sanction at this time would be for Global Poly to bear all attorneys' fees and costs incurred by the plaintiff (a) in filing and appearing on this motion, and (b) in obtaining, through discovery, the information that Global Poly agreed to produce and was obligated by court order to produce. In concluding that this sanction is appropriate at this time, the Court foreclose the possibility that other, merits-based sanctions (such as issue-preclusion or default) may be appropriate at a later date if the plaintiff is unable to obtain through discovery the information that Global Poly has refused to provide.

*[signature]*